### HILLMAN et al. v. NEW YORK STATE STEEL CO. et al.

(Circuit Court of Appeals, Second Circuit. March 14, 1916.)

#### No. 163.

FACTORS ☞47(5)—LIEN—WAIVER.

Where the factors of a steel company, who had a lien for their advances on the ore mined by the company, sold some of the ore to another company, from which they also bought a different kind of ore, on behalf of the steel company, so that, when receivers were appointed for the steel company, the other company set off its claim for ore sold by it against its liability for the ore purchased, equity will not give the agents a lien on the ore purchased as against general creditors, since their only contractual lien was on the ore mined, and, if they lost that lien by the sale and purchase, it was their own act.

[Ed. Note.—For other cases, see Factors, Cent. Dig. § 69; Dec. Dig. ☞47(5).]

Appeal from the District Court of the United States for the Western District of New York.

Suit by John J. Hillman and others against the New York State Steel Company, of which Alfred L. Becker and another were appointed receivers. From an order of the District Judge awarding to M. A. Hanna & Co. the proceeds of certain ore sold by the receivers, the receivers appeal. Reversed.

Love & Keating, of Buffalo, N. Y. (G. P. Keating, of Buffalo, N. Y., of counsel), for appellants.

Kenefick, Cooke, Mitchell & Bass, of Buffalo, N. Y. (J. McC. Mitchell, of Buffalo, N. Y., of counsel), for bondholders' committee.

F. C. Slee, of Buffalo, N. Y., for appellees.

Before COXE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. M. A. Hanna & Co. were the exclusive agents for the sale of the output of the New York State Steel Company's mines in Minnesota, and were under an obligation to make ad-

vances to enable the Steel Company to mine and ship its ore. To protect them for these advances it was provided that the ore shipped from the mines was to be shipped to them, and that the ore mined during the winter, when it could not be shipped, was to be piled on ground leased to them, so that they should have title to the whole output of the mines until they had been repaid the amount of their advances.

May 2, 1911, the New York Company, by Hanna & Co., its agents, sold to the Republic Iron & Steel Company 325,000 tons of Kellogg ore, to be delivered at the rate of 65,000 tons per annum, 1911–1915, in about equal monthly installments, to be paid for on the 25th day of each month. September 23, 1912, the Republic Company, by Hanna & Co., their agents, sold 20,000 tons of Bessemer ore to the New York Company, to be delivered in about equal monthly amounts from September, 1912, to April, 1913, and paid for on the 25th day of each month.

April 2, 1913, under a creditors' bill in equity receivers were appointed of the New York Company. At this time the New York Company owed the Republic Company for Bessemer ore, under the contract of September 23, 1912, $27,200.76 and the Republic Company owed the New York Company for Kellogg ore, delivered under the contract of May 2, 1911, $26,541.72. The Republic Company, as it had a right to do, set off against its indebtedness to the New York Company the latter's indebtedness to it, and filed a claim for the balance of $659.04 with the receivers of the New York Company.

At the time the receivers were appointed the New York Company owed Hanna & Co. for advances $24,063.71. There went into the possession of the receivers 4,613 tons of Bessemer ore purchased from the Republic Company, which was sold and its proceeds impounded to await the determination of the claim of M. A. Hanna & Co. now to be considered.

Hanna & Co. contend that, as they had a lien to the extent of their advances to the New York Company upon the Kellogg ore sold to the Republic Company, they should in equity be given a lien upon the Bessemer ore sold by that Company to the New York Company. In other words, if the Republic Company had paid for the Kellogg ore in cash, Hanna & Co. would have collected it, and, as it eventually paid by setting off the price of the Bessemer ore sold by it to the New York Company, Hanna & Co. should be given an equitable lien upon that ore or its proceeds in the hands of the receiver. Adopting this view, the District Judge awarded to Hanna & Co. the proceeds of the Bessemer ore sold by the receiver and a proportionate part of the proceeds of certain steel into which some of the Bessemer ore had gone.

But Hanna & Co. never had any lien upon anything but the Kellogg ore. When they sold that, the lien was discharged, and they never had any lien at all on the Bessemer ore. The Kellogg ore was not sold to be paid for by the Bessemer ore. The sales in each case were perfectly independent, were absolute, and to be paid for on the 25th of the following month. Hanna & Co. made both contracts, and must be taken to have known that upon settlement of accounts between the two companies only the balance due would be paid. If they have not obtained

the full security for their advances to the New York Company, which they intended and expected to get, they can only blame themselves. They sold the Kellogg ore to the Republic Company without collecting the price. Equity will not do anything affirmatively to help them at the expense of general creditors. American Can Co. v. Erie Preserving Co., 183 Fed. 96, 99, 105 C. C. A. 388.

The order is reversed.